# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| LEON HARRIS | CIVIL ACTION NO. 05-1886 |
| VS. | SECTION P |
| CAPTAIN HALE, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Leon Harris on October 24, 2005. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Ouachita Correctional Center (OCC), Monroe, Louisiana, and complains of conditions of confinement at the Ouachita Parish Work Release (OPWR) facility.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the reasons which follow, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i) and(ii) and 28 U.S.C. §1915A(b)(1) because the action is frivolous and fails to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Ouachita Parish Correctional Center in Monroe, Louisiana

1

and participates in that facility's work release program.

According to plaintiff, he is being denied access to a law library and mailing supplies. He claims to have a civil suit pending before the United States Supreme Court.[1] He claims that he received a legal document associated with that suit but the envelope "...was open and crack all up, snapping apart it was totally destroy..." [sic] He claims that the administration attempted to thwart his efforts to apply for *in forma pauperis* status when they refused to give an account statement. He claims that inmates are not provided access to certified mail and that he must post his legal mail at his work place and not through the prison.

Plaintiff also complains that there are no administrative remedies procedures available. He claims to have written a grievance but claims that the prison administration did not answer the grievance. He claims to have filed an administrative remedies procedure grievance with the Secretary of the LDOC in October, 2005, but also claims that he has not received a response.

Plaintiff also claims that unnamed deputies are giving him "... a hard time for filing this civil rights law suit..." He claims that the staff reads all his legal correspondence and refuses to allow him to send money for the support of his children. He fears that the defendant will have him charged with a criminal offense and send him back to prison.

He claims to have been overcharged for room and board in the work release program. He

---

[1] The "pending" suit referred to is the matter entitled "*Leon Harris v. Harry Lee, et al.*," Docket No. 2:02-cv-2233 of the United States District Court for the Eastern District of Louisiana. According to the records of that court, plaintiff's excessive force claims were dismissed on January 14, 2003 [Doc. 33]; additional excessive force claims were dismissed on July 15, 2003 [Doc. 60]; and his remaining illegal search and seizure claims were dismissed following trial on the merits on November 25, 2003. [Doc. 70] Harris ultimately appealed the illegal search and seizure issue. However, on April 6, 2005, the verdict was affirmed by the Fifth Circuit Court of Appeals in an unpublished opinion. See *Harris v. Lee*, 127 Fed.Appx. 710, 2005 WL 768955.

claims that he and his fellow work release inmates have been forced to assist Captain Hale in various illegal activities. He claims that the staff is racially biased and uses racial taunts or slurs. He complains that the sleeping quarters have neither heating nor air conditioning and that the work release facility has no law library. He claims that he is not allowed to possess any of his legal materials.

He prays for a transfer to a work release facility in South Louisiana or, in the alternative, that the defendants be held responsible for his "... $2,000,000 law suit ..."

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint and amended complaints provide the specifics of his theories of liability with respect to each named defendant. Read liberally, plaintiff's complaint alleges the following claims: (1) He has been denied access to the courts with respect to a pending appeal before the United States Supreme Court; (2) the jail/work release facility has no administrative remedies program or, he is denied access to the program; (3) jail/work release facility employees are racially biased and use racial taunts and epithets; (4) "...some other inmates" were made to go to on a work detail where they were told to take items donated for charity; (5) plaintiff has been over-charged for room and board and clothes; (6) defendant Captain Hale violated the provisions of Louisiana law when she advised work-release employers that they can pay inmates a maximum of $6 per hour; (7) plaintiff is not allowed to send child

4

support to his children because he is not listed as the children's father on their birth certificates; and, (8) the destruction of the Supreme Court *in forma pauperis* form has denied him the right to Supreme Court review of his civil case.

Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted.

## 2. Relief Sought

With regard to the conditions of confinement claims (i.e. all claims other than the denial of access to court claim) plaintiff prays for a "... transfer back down in South Louisiana, to a better work release away from this primitive system and prejudiced people..." [doc. 1-1, ¶V]

In *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), the Supreme Court held that prisoner transfers do not implicate the Due Process Clause of the Fourteenth Amendment. (In *Meachum*, inmates at a medium security prison were transferred to a maximum security prison; in *Montanye*, a companion case, an inmate was transferred from one maximum security prison to another as punishment for a breach of prison rules. The Court rejected "the notion that any grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause." *Meachum*, 427 U.S., at 224, 96 S.Ct., at 2538 and further noted:

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.
>
> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one

> institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. *Id.*, at 224-225, 96 S.Ct., at 2538.

Finally, the Court observed that, a holding that "any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." 427 U.S., at 225, 96 S.Ct., at 2538.

In short, plaintiff has no liberty interest in the place of his confinement within the Louisiana prison system. To the extent that he claims prior transfers violated his constitutional rights, such claims are clearly frivolous. To the extent that he seeks an order directing the LDOC to place him in a particular institution, such a claim is also frivolous.

## 2. Access to the Courts

Otherwise, with respect to his access to court claim, plaintiff prays that the defendants be "... responsible for [his] $2,000,000 law suit..." [doc. 7, p. 3]

"It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981)); *Calhoun v. Hargrove*, 312 F.3d 730, 733-734 (5th Cir. 2002). Nonetheless, as stated above, even *pro se* plaintiffs are required to plead specific facts in support of their claims. Here, plaintiff alleges that he has been denied "access to legal material books, and writing and mailing supply..." with regard to his "pending" litigation in the Eastern District of Louisiana under Docket Number 2:02-CV-2233. He elsewhere claims that the defendants' have interfered with his right to have the Supreme

6

Court review the lower courts' decisions which dismissed that claim.

The right of access to the courts assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir.1997).

However, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. See *Lewis v. Casey*, 518 U.S. at 356, 116 S.Ct. at 2182, ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.")

Plaintiff's allegations, construed liberally and all taken as true for the purposes of this review, fail to demonstrate that the defendants denied him access to the courts as that term is defined in the foregoing cited jurisprudence. As stated above, the Supreme Court has not extended the right to access the courts to encompass any more than the ability of an inmate to prepare and transmit a necessary legal document to a court. *Brewer v. Wilkinson*, 3 F.3d at 821. See also *Lewis v. Casey*, 518 U.S. at 349-355, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Further, even assuming that plaintiff is ultimately able to demonstrate that the defendant somehow deprived him of his constitutional right to access the courts, he must still allege facts to establish that he suffered some prejudice as a result of the deprivation. That requirement has long been established by Supreme Court and Fifth Circuit jurisprudence. See *Lewis v. Casey*, 518

U.S. at 350-355, 116 S.Ct. at 2179-81; *Eason v. Thaler*, 73 F.3d at 1328; *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.1992), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992); and *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988).

Plaintiff has wholly failed to allege any <u>specific</u> facts establishing that he was <u>actually prejudiced</u> in connection with any pending or contemplated legal proceeding by any alleged act or omission by any of the named defendants herein. The court records of the United States District Court for the Eastern District of Louisiana and the United States Court of Appeals for the Fifth Circuit establish that plaintiff filed a civil rights suit against Jefferson Parish Sheriff Harry Lee and his deputies alleging that the deputies illegally entered his home on two occasions and used excessive force when they arrested him on drug charges. On April 6, 2005, the Fifth Circuit Court of Appeals affirmed the district court's judgment dismissing plaintiff's suit finding that plaintiff failed to show that the lower court's judgment was clearly erroneous. See *Leon Harris v. Harry Lee*, 127 F.Appx. 710, 2005 WL 768955 (5th Cir. 4/6/2005) (unpublished).

Plaintiff claims that because the defendants denied him access to a law library and legal materials and because they destroyed his Supreme Court in forma pauperis application, he "...lost his opportunity to appeal [his] case in the United States Supreme Court..." and he feels he should have prevailed and will now "... have to pay out unnecessary money to the courts ..." [doc. 9, pp. 6-7]

Because plaintiff has presented no fact-specific allegations establishing that he was ever actually prejudiced in connection with any actual or proposed legal proceeding, his claims do not provide a basis for recovery under § 1983. Plaintiff has not shown that the actions of the

8

defendants inhibited him from filing a non-frivolous appeal to the Supreme Court. His amended complaint suggests that the actions of the defendant have not deprived him of his right to an appeal but rather have necessitated that he pay the filing fee rather than proceed *in forma pauperis.* This fact is insufficient to establish prejudice.

Further, by his own admission, plaintiff was incarcerated elsewhere during the five months following the Fifth Circuit's April, 2005, ruling. According to his amended complaint, plaintiff "...was transferred from Hunt Correctional Center in May 2005 to a drug program in New Orleans called Blue Walters..." where he remained until September 2005 when Hurricane Katrina forced his evacuation from New Orleans to Ouachita Parish. Thus, by his own admission, plaintiff was incarcerated at facilities other than OPCC during the five month period immediately following the Fifth Circuit's judgment denying his appeal. U.S.Sup.Ct. Rule 13 provides in part, "Unless otherwise provided by law, a petition for a writ of *certiorari* to review a judgment in any case ... entered by ... a United States court of appeals ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Any circumstances prohibiting the timely filing of petitioner's writ application thus cannot be attributed to the defendants. Plaintiff's access to court claim is frivolous and dismissal on that basis is appropriate.

### 3. Remaining Claims

Finally, the remaining claims are likewise frivolous.

Inmates do not have a constitutionally protected right to a grievance procedure. See, e.g., *Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons,

9

but expressly declining to suggest that such procedures are constitutionally mandated); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure). Therefore, plaintiff's claim that the jail/work release facility has no administrative remedies program or, that he is denied access to the program is frivolous.

Verbal threats, name calling, and even threatening gestures by prison guards do not amount to a constitutional violation. See *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir.1995). Therefore, plaintiff's claim that the jail/work release facility employees are racially biased and use racial taunts and epithets is frivolous.

"To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) Plaintiff's remaining claims – that "...some other inmates" were made to go to on a work detail where they were told to take items donated for charity; that plaintiff has been over-charged for room and board and clothes; that the defendant violated the provisions of Louisiana law when she advised work-release employers that they can pay inmates a maximum of $6 per hour; and, that plaintiff is not allowed to send child support to his children because he is not listed as the children's father on their birth certificates – do not allege the violation of any rights secured by the Constitution or laws of the United States. In other words, all of the remaining claims are also frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted all in accordance with the provisions of 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) and (2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE